Alberto SPENCER–LUGO and Fermina
Zazueta De Spencer,
Petitioners-Appellants,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent-Appellee.

No. 76–1404.

United States Court of Appeals,
Ninth Circuit.

Feb. 22, 1977.

Robert L. Miller, Los Angeles, Cal., for
petitioners-appellants.

Carolyn M. Reynolds, Asst. U. S. Atty.,
Los Angeles, Cal., for respondent-appellee.

Before CHAMBERS and WRIGHT, Circuit Judges, and INGRAM, District Judge.*

OPINION

PER CURIAM:

Petitioners sought in district court a writ of habeas corpus, declaratory judgment, and preliminary and permanent injunction, all of which related to deportation proceedings that they had been subjected to and to the resultant deportation order. The petition was dismissed by the district court upon the report and recommendation of a federal magistrate.

The dismissal of the petition is affirmed on the ground that petitioners can demonstrate no injury as yet from the alleged illegality of the Multiple Accelerated Summary Hearing used by the I&NS. The I&NS's offer allowing petitioners to uncontestedly reopen their cases and thereby receive a full-blown individualized hearing before an Immigration Judge has the effect of mooting any real case or controversy here. Assuming that an uncontested motion for reopening by petitioners is permissible now and will be granted, they will not be personally injured by any legal deficiencies in the Multiple Accelerated Summary Hearing, and they will be accorded exactly what they would have been had they pressed their challenge against such hearings to conclusion successfully. Petitioners apparently want to proceed as if they were representatives of a class seeking to invalidate the Multiple Accelerated Summary Hearing. This case is not a class action,

* Honorable William A. Ingram, Northern District of California, sitting by designation.

however, and we therefore reject petitioners' invitation to reach out and adjudge the legality of this procedure in the absence of any concrete case or controversy. In light of our decision, we need not address the issue of whether petitioners have fully exhausted all administrative remedies.

In another case where the issue is properly framed, we can determine whether the alien may demand at the threshold of an accelerated hearing that his case be severed for an individual hearing.

Appropriate steps will be taken to delay the deportations pending hearing.