### No. 27418

**Judith R. (DiLiello) Pollock v. City and County of Denver; The Denver Board of Water Commissioners; John Yellenick, Charles Brannan, William Temple, James B. Kenney, Jr., Richard S. Shannon, Jr., and the City of Aurora**

(572 P.2d 828)

Decided December 19, 1977.

Casey, Klene, Horan & Wegs, R. Paul Horan, David R. Reitsema, for plaintiff-appellant.

Duane O. Littell, Richard L. Everstine, for defendant-appellee.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an action for wrongful death of plaintiff's five-year-old child in which judgment is asked for $2,300,798.93 plus costs, interest and attorneys fees. The court granted a motion striking the portions of plaintiff's complaint which alleged grounds for a recovery exceeding $45,000. This order was made a final judgment. There has been no objection that there has not been strict compliance with C.R.C.P. 54(b); and we proceed under the assumption that there has been substantial compliance with that rule. We affirm the district court.

Portions of the complaint read:

"9. The deceased son of the Plaintiff, but for the negligence of the Defendants would have earned $800,000.00 during his lifetime, and to which the Plaintiff is entitled.

"10. The Plaintiff, through the death of her son caused by the negligence of the Defendants, has suffered damages including mental anguish, loss of love and affection, the loss of the companionship of her son, and the loss of protection and comfort, in the amount of One Million Five Hundred Thousand Dollars.

"11. The Plaintiff has been damaged herein by the negligence of the Defendants in the sum of $798.93 for the funeral of her son.

"12. The statutory limitation on damages for wrongful death, 1973 C.R.S. 13-21-203(1), and specifically the portion thereof reading: 'Except if the decedent left neither a widow, widower, nor minor children, nor a dependent father or mother, the damages recoverable in any such action shall not exceed $45,000.00,' is a deliberate violation of the Colorado Constitution and of the Federal Constitution, to-wit: The Bill of Rights, the Due Process Clause, and the Equal Protection Clause."

The plaintiff's principal argument involves her equal protection claim. Her other contentions do not merit comment and, except for our brief

discussion of net pecuniary loss, we limit ourselves to the equal protection arguments.

■ Our death statute (section 13-21-201 *et seq.*, C.R.S. 1973) permits the maintenance of actions and recovery of damages for wrongful death. Section 203 contains a limitation on damages that, "if the decedent left neither a widow, widower, nor minor children, nor a dependent father or mother, the damages recoverable in any such action shall not exceed forty-five thousand dollars."

Originally, by Act approved on March 7, 1877, the limit of recovery in all wrongful death actions was placed at $5,000. G.L. § 879. This was raised to $10,000 and $25,000 in 1951 and 1957, respectively. Colo. Sess. Laws 1951, ch. 148, section 3, chapter 50, at 339; Colo. Sess. Laws 1957, ch. 127, 41-1-3 at 338. The statute was amended to its present form in 1969. Colo. Sess. Laws 1969, ch. 127, 41-1-3 at 329.

■ Historically, the amount of recovery in all such actions has been limited to the net pecuniary loss sustained by the person seeking recovery. *Pierce v. Conners*, 20 Colo. 178, 37 P. 721 (1894).[1]

■ The plaintiff contends that the division into two classes of plaintiffs, one of which is subject to a $45,000 limitation on recovery while the other is not, is a denial of equal protection. In considering the equal protection claim, we look first to the type of classification being made. Clearly, the classification here is not a "suspect" one, *i.e.*, it does not single out religious, racial, or other discrete and insular minorities. *San Antonio School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973); *Graham v. Richardson*, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971); *United States v. Carolene Products Co.*, 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234 (1938). The distinction is between (1) a class consisting of surviving spouses, minor children, and dependent parents, and (2) a class of all other people who are entitled to recover under the Act. The "discriminated against" class may consist of such diverse people as an adult child and a nondependent parent. Thus, we conclude that this legislation is not directed at any particular group of people in a "suspect" class. *See San Antonio School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973).

Our Court has stated:

"Of course, where legislation challenged on an equal protection basis does not involve an intrinsically suspect classification, the test to be applied is whether the classification promulgated by the statute rationally furthers

---

[1]One of the plaintiff's contentions is that the net pecuniary loss rule should not be applied here. Such a claim has been rejected on so many occasions by this court that we reject it in the instant matter without further comment. *See, e.g., Jones v. Hildebrant*, 191 Colo. 1, 550 P.2d 339 (1976); *Kogul v. Sonheim*, 150 Colo. 316, 372 P.2d 731 (1962); *Herbertson v. Russell*, 150 Colo. 110, 371 P.2d 422 (1962); *Lehrer v. Lorenzen*, 124 Colo. 17, 233 P.2d 382 (1951).

any legitimate state interest." *People v. Taylor*, 189 Colo. 202, 540 P.2d 320 (1975).

Thus, the proper test is whether this classification may rationally further any legitimate state interest. We hold that it does.

As stated, by the 1969 Act the General Assembly placed the limit at $45,000 if the decedent leaves "neither a widow, widower, nor minor children, nor a dependent father or mother. . . ." If the decedent does leave one of those enumerated relatives, there is no limit on that relative's recovery. Thus the narrow issue we must face is whether there is a rational basis for leaving a limit on one class while removing it from another.

Plaintiff states in her brief:

"That such limitation is unconstitutional is apparent to any but the most illogical of rationales. The statute imposes no limit on the recovery by a widow, 70 years old, whose husband is killed in an automobile accident by the negligence of another person. If the two year old son of a married couple is killed in the same automobile accident, his parents are limited to a recovery of $45,000.00."

While perhaps being "the most illogical of rationales," this court sees nothing unconstitutional in the result propounded by plaintiff. First of all, the 70-year-old widow is going to have to show actual pecuniary damage in excess of $45,000 in order to recover above the limit. More importantly, it seems well within the legislature's discretion to weigh the competing social interests and determine that, where the parents are not actually dependent on the child, the recovery should be limited to $45,000. The parents who were not dependent on their two-year-old child can plan their future in such a way as to minimize the financial hardships due to the loss of the child. It is quite another matter, however, for the 70-year-old widow in plaintiff's example to rearrange her life to accommodate the loss of the income she was dependent upon. Likewise, if the parents of the two-year-old were killed, he or she would be entitled to a recovery not limited by a statutory maximum, as he or she also would have a rather difficult time adjusting circumstances.

The plaintiff has not met her burden of showing that this scheme is not rationally conceived to further a legitimate state interest. Since the classification is not suspect and no fundamental right is affected, we terminate our discussion.

Our affirmance presupposes that the district court will permit the plaintiff to amend her complaint to allege any further matters of net pecuniary loss which may have resulted, of course within the statutory limits.

Judgment affirmed.

MR. JUSTICE CARRIGAN does not participate.