service. Evasion of service can support a claim of good cause for failure to complete service.[19]

Jones points to two facts as supporting her claim of good cause. First, Jones claims that ACSC's corporate counsel knew that Jones planned to serve process on him on the day that both she and ACSC (erroneously) understood to be the last day of the extension period. Second, Jones claims that ACSC's corporate counsel, and the rest of the legal department staff, were not available to receive process on that day. Jones interprets these facts as evidence that ACSC's corporate counsel acted in bad faith by intentionally frustrating Jones' attempt to serve ACSC.

Jones' argument is unconvincing. When Jones' counsel informed ACSC's corporate counsel that she intended to serve process on him, he replied that he was not sure whether he was authorized to receive service. ACSC's counsel promised to call Jones' counsel back to inform her whether he was authorized to receive service, but never did. This failure might support a claim of bad faith, but, more to the point, it left unresolved the question of whether ACSC's corporate counsel was authorized to receive process. Thus, ACSC's corporate counsel did not mislead Jones into thinking that he was authorized to receive service; he simply failed to resolve the question for her.

█ Given this uncertainty and the looming deadline, Jones could have, and probably should have, attempted service on an individual statutorily authorized to receive service.[20] However, Jones attempted to serve ACSC's counsel even though she was aware that he might not be authorized to receive process. Under these circumstances, ACSC's corporate counsel's unavailability to receive service does not demonstrate bad faith or evasion of service.

### III

The district court was within its discretion in limiting Jones' extension to seven days and later dismissing the case for Jones' inadequate service of process. Jones did not have good cause and did not substantially comply with the service requirements of Rule 4, and ACSC did not have actual notice of Jones' case.

AFFIRMED.

**Fred INNEREBNER, Plaintiff—Appellant,**

v.

---

19. *See United States ex rel DeLoss v. Kenner Gen. Contractors, Inc.*, 764 F.2d 707, 710 (9th Cir.1985) ("The legislative history provides 'only a single (and most obvious) illustration of good cause—the putative defendant's evasion of service.'") (quoting *Coleman v. Greyhound Lines, Inc.*, 100 F.R.D. 476, 477 (N.D.Ill.1984) and 128 Cong. Rec. H9849, H9852 n. 25 (daily ed. Dec. 15, 1982)), *superceded on other grounds by In re Sheehan*, 253 F.3d at 514.

20. *See* Fed.R.Civ.P. 4(h)(1) (authorizing service on "an officer, a managing or general agent[.]"); Cal.Civ.Proc.Code § 416.10(b) (authorizing service on "the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer, assistant treasurer, [or] a general manager").

Jo Anne B. BARNHART,* Commissioner of the Social Security Administration, Defendant—Appellee.

No. 00–16186.

D.C. No. CV–99–00794–WHA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Jan. 25, 2002.

Before NOONAN, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

The Commissioner of the Social Security Administration ("Commissioner") has conceded that the Administrative Law Judge did not properly apply SSA regulations in determining whether Innerebner performed substantial gainful activity while employed at Albertson's from 1993 to 1996. In particular, the Commissioner concedes that wages earned for hours during which Innerebner's job coach himself performed Innerebner's work should not have been considered in calculating substantial gainful activity.

In light of this and other possible errors by the Administrative Law Judge, the Commissioner has offered Innerebner all of the benefits that he would have received had the Administrative law Judge determined that "plaintiff Innerebner did not perform 'substantial gainful activity' and that he continues to qualify for Title II Social Security benefits pursuant to 42 U.S.C. §§ 402 and 423(d)." This offer was first articulated in a letter dated November 28, 2000, from Department of Justice attorney Mark Davies to Innerebner's appellate counsel, Gerald A. McIntyre. The offer has been reiterated both in the Commissioner's brief and in argument before this court.

Innerebner desires to challenge the SSA's interpretation of 20 C.F.R. §§ 404.1574(a)(2) & 404.1576, but under the terms of the Commissioner's offer, the challenged interpretations no longer apply to the substantial gainful activity calculation at issue here. We decline to make a determination concerning the propriety of regulations not currently being enforced in an adverse manner. *See Spencer–Lugo v. INS,* 548 F.2d 870, 871 (9th Cir.1977).

With regard to the district court's order denying class certification, Innerebner continues to have a sufficient personal stake in obtaining class certification. *See Wade v. Kirkland,* 118 F.3d 667, 669 (9th Cir.1997). The Commissioner argues that the issue has been waived because Innerebner failed to raise class certification in his opening brief, but we permitted Innerebner an opportunity to supplement his opening brief to address the issue. *See* Fed. R.App. P. 27(b); 9th Cir. R. 27–1 advisory committee's note 1. The district court did not abuse its discretion in concluding that the putative class proposed by Innerebner is not defined with sufficient precision, does not promote efficiency and economy of litigation, and is unnecessary because the SSA has represented that the Commissioner's now-clarified interpretation of 20 C.F.R. § 404.1574(a)(2) will be consistently applied to beneficiaries simi-

---

* Jo Anne B. Barnhart is substituted for Kenneth S. Apfel as the current Commissioner of the Social Security Administration ("SSA"), Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

larly situated to Innerebner. The district court's denial of class certification is therefore AFFIRMED.

REMANDED for proceedings consistent with this memorandum disposition, including a district court remand to the SSA to honor and enforce the Commissioner's commitment as detailed herein.

**Frank MCCLAIN; Harley McClain, Plaintiffs–Appellants,**

v.

**George W. BUSH, Jr., Governor of Texas and Republican Candidate for President of the United States, individually and in his official capacity; et al., Defendants–Appellees.**

No. 01–35373.

D.C. No. CV–00–00222–JDS.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002.[*]

Decided Jan. 25, 2002.

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

---

[*] The panel unanimously finds this case suitable for decision without oral argument, and denies plaintiffs' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM [**]

Frank McLain and Harley McLain appeal pro se the district court's dismissal of their 42 U.S.C. §§ 1983, 1985, and 1988 action for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo and may affirm on any ground supported by the record. *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295 (9th Cir.1998). We affirm.

Because plaintiffs reside in Montana and North Dakota but did not allege a concrete harm caused by the out-of-state defendants, the district court properly dismissed these claims for lack of standing. *See Shaw v. Hunt,* 517 U.S. 899, 904, 116 S.Ct. 1894, 135 L.Ed.2d 207 (1996) (holding that a plaintiff lacks standing to challenge legislation created outside of plaintiff's district absent specific evidence of personal harm); *United States v. Hays,* 515 U.S. 737, 743–44, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995) (indicating that a generalized grievance against allegedly illegal governmental conduct is insufficient to provide standing).

The district court properly dismissed Harley McLain's claims against the North Dakota defendants because he failed to allege a concrete harm. *See Hays,* 515 U.S. at 743–44, 115 S.Ct. 2431. The district court properly dismissed Frank McLain's claims against the Montana defendants because the complaint was conclusory and did not adequately link defendants to causes of action. *See McHenry v. Renne,* 84 F.3d 1172, 1175 (9th Cir.1996) (indicating that a complaint must make clear the connections between specific allegations and individual defendants).

Because any amendment of plaintiffs' complaint would be futile, dismissal with-

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.