**William DeFORREST, individually, and William DeForrest, as Executor and Personal Representative of the Estate of Julie DeForrest, Plaintiffs–Appellants,**

v.

**CITY OF CHERRY HILLS VILLAGE, City of Greenwood Village, and Officer Glenn Bailey, Jr., Defendants–Appellees.**

No. 01CA1795.

Colorado Court of Appeals, Div. II.

Nov. 21, 2002.

Certiorari Denied June 30, 2003.*

---

* Justice KOURLIS would grant as to the following issue:

Whether the court of appeals erred in concluding that the Respondent pled a willful and wanton claim against an officer.

Whether the court of appeals erred in concluding that the issue of willful and wanton conduct was "tired by consent."

Whether the court of appeals erred in concluding that the trial court had already determined that there were genuine issues of material fact regarding whether an officer's conduct was willful and wanton.

Robinson Waters & O'Dorisio, P.C., Otto K. Hilbert, II, Denver, Colorado, for Plaintiffs–Appellants.

Brooks & Schluter, LLP, Leslie L. Schluter, Sue Ann Haskell, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge ROY.

Plaintiff, William DeForrest (husband), individually and as executor and personal rep-

resentative of the Estate of Julie DeForrest, appeals from a partial summary judgment in favor of defendants, City of Cherry Hills Village, City of Greenwood Village, and Officer Glenn Bailey, Jr., and entry of judgment in the amount of $120,000. We affirm in part, reverse in part, and remand for further proceedings.

On October 6, 1995, husband's wife died in a traffic accident at the intersection of Belleview and South Holly Street. Belleview is an east-west state highway that forms the border between Cherry Hills Village and Greenwood Village, and Holly is a north-south street that transverses both towns.

Before the collision, the traffic signals at the intersection were not functioning properly as a result of a power failure. In response, Greenwood Village Public Works placed six portable stop signs at the intersection to control traffic.

Subsequently, Officer Bailey went to the intersection and found that the signal lights were functioning properly. He thereafter removed two portable stop signs controlling westbound traffic on Belleview and then removed the single stop sign controlling southbound traffic on Holly. Before the police officer could remove the remaining signs, a vehicle traveling northbound on Holly entered the intersection and collided with Julie DeForrest's vehicle, which was traveling westbound on Belleview.

Husband brought this action for wrongful death against defendants, the State of Colorado, and the manufacturer of the car. He reached pretrial settlements with the state and the manufacturer, and each was dismissed. As pertinent here, husband settled with the state for $30,000.

Defendants then filed motions for summary judgment based on immunity under the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S.2002. The trial court denied the motions, and defendants filed an interlocutory appeal to this court. A division of this court held that defendants' sovereign immunity was waived pursuant to an express immunity waiver under the GIA, § 24–10–106(1)(d)(II), C.R.S.2002. *DeFor-*

*rest v. City of Cherry Hills Village,* 990 P.2d 1139 (Colo.App.1999).

After remand, defendants served husband with a statutory offer of settlement in the amount of $120,001, based on the GIA's $150,000 limitation on damages, § 24–10–114(1), C.R.S.2002, minus the settlement received from the state. After husband rejected the offer, defendants filed a motion for partial summary judgment on the application of the GIA damages limitation. The trial court granted the motion, concluding that the GIA limited husband's maximum recovery against these defendants to $120,000. Defendants then confessed judgment in the amount of $120,000, and the trial court entered judgment in that amount.

## I.

Our review of an order granting a motion for summary judgment is de novo. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo. 1995). Summary judgment is a drastic remedy and should be granted only upon a clear showing that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Compass Insurance Co. v. City of Littleton,* 984 P.2d 606 (Colo.1999).

## II.

■ Husband asserts that the trial court erred in concluding that his recovery is limited to $150,000. Specifically, he asserts that there are two plaintiffs, each with a separate claim: (1) himself, as an individual, bringing a claim for wrongful death as permitted by § 13–21–202, C.R.S.2002; and (2) himself, in a representative capacity, bringing a survival action on behalf of his wife's estate, as permitted by § 13–20–101(1), C.R.S.2002. Because the estate gave no notice pursuant to § 24–10–109, C.R.S.2002, the trial court did not have jurisdiction over any claim the estate might have brought. Therefore, we need not address whether the estate may bring a separate claim.

■ Compliance with the GIA notice requirement is jurisdictional. *Brock v. Nyland,* 955 P.2d 1037 (Colo.1998).

Section 24–10–109(1), C.R.S.2002, states:

*Any person claiming* to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred eighty days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury. *Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.* (emphasis added.)

Here, only one notice of claim, by husband individually, was served on the governmental entities and the police officer. The notice did not name the estate, nor did it assert that claims would be brought on behalf of an estate or by husband in any representative capacity. In addition, the notice sought only one damage award for the statutory limit of $150,000.

*Woodsmall v. Regional Transportation District,* 800 P.2d 63 (Colo.1990), relied upon by husband, does not dictate a contrary result. In that case, both plaintiffs, although they brought separate claims, were named as claimants in a single notice.

We conclude that any action by wife's estate for damages is barred for failure to give the requisite notice pursuant to the GIA. Therefore, the trial court did not err in concluding that only one party had perfected a claim and limiting husband to the damages allowed pursuant to § 24–10–114(1) against the governmental entities.

### III.

■ Next, husband asserts that the trial court erred in entering the confession of judgment in favor of all defendants, limiting husband's damages to $120,000, because the trial court had previously concluded that there were genuine issues of material fact as to whether the police officer's conduct was willful and wanton. We agree.

### A.

■ Section 24–10–118(1), C.R.S.2002, states that:

Any action against a public employee ... which lies in tort or could lie in tort ... and which arises out of injuries sustained from an act or omission of such employee ... during the performance of his duties and within the scope of his employment, *unless the act or omission causing such injury was willful and wanton,* shall be subject to the following requirements and limitations, regardless of whether or not such action against a public employee is one for which the public entity might be liable for costs of defense, attorney fees, or payment of judgment or settlement under section 24–10–110:

. . . .

(b) The maximum amounts that may be recovered in any such action against a public employee shall be as provided in section 24–10–114(1), (2), and (3).

(c) A public employee shall not be liable for punitive or exemplary damages arising out of an act or omission occurring during the performance of his duties and within the scope of his employment, unless such act or omission was willful and wanton.

(d) The fact that a plaintiff sues both a public entity and a public employee shall not be deemed to increase any of the maximum amounts that may be recovered in any such action as provided in this section or in section 24–10–114. (emphasis added.)

This provision clearly states that if the public employee's actions were willful and wanton, the cap on damages is not applicable and punitive damages may be allowed. Therefore, if the officer's conduct here is ultimately found to be willful and wanton, husband's damages are not limited to the cap.

Because the trial court had already determined that there were genuine issues of material fact regarding whether the police officer's conduct was willful and wanton, the trial court erred in entering the confession of

judgment in favor of all defendants and applying the damages cap.

## B.

■ Defendants argue that the issue of the police officer's willful and wanton conduct was not adequately raised in the pleadings. We disagree.

Although the issue was not raised in the original or amended complaints, it was alleged that the officer's conduct "caus[ed] a serious and unreasonable risk of harm to passengers traveling through the intersection." In the trial management order, which was approved by the parties and signed by the trial court, one of the legal issues is "[r]eckless and willful and wanton behavior of Officer Bailey."

Thus, it appears that defendants had notice of, and consented to, the issue of whether the officer's conduct was willful and wanton. Under these circumstances, we conclude that the issue was adequately raised as if it had been specifically alleged in the pleadings. *See* C.R.C.P. 15(b) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."); *see also Tovrea v. Denver & Rio Grande Western R.R. Co.*, 693 P.2d 1016 (Colo.App.1984)(if the issue raised by the pleadings is not objected to, the parties' consent is implied).

Accordingly, the trial court erred in entering the confession of judgment and limiting husband's damages to $120,000 as to all defendants.

## IV.

■ Husband asserts that the trial court erred in deducting the state's $30,000 settlement from his maximum recovery from the remaining defendants. Specifically, husband asserts that because § 24–10–114 is entitled "Limitations on Judgments," the statutory cap provided by this section applies only to judgments and not to settlements. Because it may arise on remand, we address the issue, and we disagree.

Our review of a trial court's interpretation of a statute is de novo. *Rowell v. Clifford*, 976 P.2d 363 (Colo.App.1998). When the language of the statute is plain and the meaning is clear, it should be interpreted and applied as written. *Southard v. Miles*, 714 P.2d 891 (Colo.1986).

■ The GIA unambiguously limits the recovery that a victim may receive from public entities or employees regardless of whether the recovery was obtained by settlement or judgment, absent a finding that the public employee acted in a willful and wanton manner. Thus, the GIA limits the "maximum amount that may be *recovered* ... whether from one or more public entities and public employees" to $150,000 for "any injury to one person in any single occurrence," without regard to when or how recovery is obtained. Section 24–10–114(1)(a), C.R.S.2002.

■ The statutory scheme clearly evidences a legislative intent to protect taxpayers against excessive fiscal burdens by protecting the government entity from the consequences of unlimited liability. *See* § 24–10–102, C.R.S.2002. This legislative purpose adequately refutes the notion that a victim should be permitted to cumulate an award beyond the $150,000 limitation according to the number of public entities and public employees who are joined or settle. Moreover, the statute clearly limits the total *recovery* by a claimant, not individual judgments obtained by a claimant.

Accordingly, the $30,000 settlement with the state should be deducted from husband's ultimate recovery, except for punitive damages, against all defendants.

## V.

■ Finally, husband asserts that the GIA permits a jury to enter a verdict and judgment in excess of the statutory limitations and the trial court erred in determining the statutory cap on a pretrial motion. We disagree.

Section 24–10–114(5), C.R.S.2002, states:

Notwithstanding the maximum amounts that may be recovered from a public entity set forth in subsection (1) of this section, a judgment or judgments may be claimed

and rendered against the *state* in excess of the maximum amounts only if the general assembly acting by bill authorizes payment of all or a portion of the judgment which exceeds the maximum amount. Any claimant may present proof of judgment to the general assembly and request payment of that portion of the judgment which exceeds the maximum amount. (emphasis added.)

 This provision clearly applies only to claims against the state and not to those against individual cities, other political subdivisions, or public employees.

Accordingly, because the claim against the state was dismissed and only claims against the cities and the public employee remain, we conclude that the trial court did not err in determining the maximum amount that husband may recover on a pretrial motion.

That portion of the judgment limiting plaintiff's damages against the police officer is reversed, and the matter is remanded for further proceedings as to that issue. That portion of the judgment limiting plaintiff's damages as against the municipal defendants and requiring that the settlement with the state be credited against his recovery against all the defendants, except for punitive damages, is affirmed.

Judge JONES and Judge CASEBOLT concur.