Howard RUDNICK and Jennifer Swezey, as next friends for Edith Rudnick, a minor, Plaintiffs–Appellants,

v.

Margaret FERGUSON, M.D., Lila H. Monahan, M.D., David R. Clarke, M.D., Jeff Wagener, M.D., Mark Boucek, M.D., and Mary M. Wollmering, M.D., Defendants–Appellees.

No. 05CA0077.

Colorado Court of Appeals, Div. II.

Feb. 8, 2007.

Certiorari Denied Sept. 11, 2007.

Leventhal, Brown & Puga, P.C., Jim Leventhal, Benjamin Sachs, Timms R. Fowler, James E. Puga, Denver, Colorado; Phil C. Pearson, M.D., J.D., Rick A. Carmickle, Denver, Colorado, for Plaintiffs–Appellants.

Jaudon & Avery, LLP, David H. Yun, Denver, Colorado, for Defendant–Appellees Margaret Ferguson, M.D., Lila H. Monahan, M.D., David R. Clarke, M.D., Jeff Wagener, M.D., and Mark Boucek, M.D.

Cooper & Clough, P.C., Kay J. Rice, Beth Nesis, Denver, Colorado, for Defendant–Appellee Mary M. Wollmering, M.D.

Opinion by: Judge ROTHENBERG.

Plaintiffs, Howard Rudnick and Jennifer Swezey, as next friends for Edith Rudnick, a minor (the Rudnicks), appeal the trial court's orders dismissing, as moot, their claims against defendants, Margaret Ferguson, M.D., Lila H. Monahan, M.D., David R. Clarke, M.D., Mary M. Wollmering, M.D., Jeff Wagener, M.D., and Mark Boucek, M.D. (the physicians). We affirm.

This appeal arises from the alleged negligence of the physicians during the care and treatment of five-month-old Edith Rudnick, who was admitted to The Children's Hospital for heart surgery. It is undisputed that the physicians are public employees of the University of Colorado School of Medicine for purposes of the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S.2006.

Following surgery, Edith was placed in the pediatric intensive care unit (PICU) and was treated at the hospital by the physicians. Her condition deteriorated, and she suffered permanent injuries, including cardiac arrest and severe brain injury. She also developed

a seizure disorder and is now profoundly impaired.

Before trial, all of the physicians except Dr. Boucek filed a motion for leave to deposit the GIA statutory damages cap of $150,000 into the court registry, pursuant to C.R.C.P. 67. They asserted that the purpose of this deposit was to avoid the cost of litigation, which would have exceeded the total amount of their liability under the GIA.

The trial court granted their motion over the Rudnicks' objection, permitted the deposit, and thereafter dismissed the Rudnicks' claims against these physicians as moot.

After the trial court entered its order dismissing these physicians, Dr. Boucek filed a motion to dismiss the Rudnicks' claim against him. He asserted he is also a public employee and the claim against him was moot because "the maximum amount [the Rudnicks] could recover against all of the CU physicians (including Dr. Boucek) is $150,000 [and] the other CU physicians have deposited the maximum [the Rudnicks] could recover."

The trial court granted his motion, concluding he was entitled to the protection of the GIA, and the case against him was also moot because, once the other physicians deposited the maximum amount of recovery into the court registry, the Rudnicks could no longer recover any damages from Dr. Boucek.

## I.

The Rudnicks contend the trial court erred in dismissing their claims as moot for several reasons. We reject each argument in turn.

## A.

■ A court invokes its judicial power only when an actual controversy exists between adverse parties. An issue becomes moot when the relief granted by the court would not have a practical effect upon an existing controversy. *Trinidad Sch. Dist. No. 1 v. Lopez*, 963 P.2d 1095 (Colo.1998). When a case is moot, a court normally refrains from addressing it. *Trinidad, supra; Grossman v. Dean*, 80 P.3d 952, 960 (Colo.

App.2003). A case may become moot when a plaintiff is offered the maximum amount recoverable at trial. *Bradshaw v. Nicolay*, 765 P.2d 630 (Colo.App.1988).

The GIA limits the liability of governmental entities and employees. Section 24–10–102, C.R.S.2006, of the GIA provides, as relevant here:

> [T]he state, its political subdivisions, and the public employees of such public entities, by virtue of the services and functions provided, the powers exercised, and the consequences of unlimited liability to the governmental process, should be liable for their actions and those of their agents only to such an extent and subject to such conditions as are provided by this article.

■ Section 24–10–114(1)(a), C.R.S.2006, limits damages that may be recovered under the GIA for a single occurrence to $150,000, including costs and interest. *Lee v. Colo. Dep't of Health*, 718 P.2d 221, 229 (Colo. 1986). It provides, as relevant here:

> The maximum amount that may be recovered under this article in any single occurrence, whether from one or more public entities and public employees, shall be ... [f]or any injury to one person in any single occurrence, the sum of one hundred fifty thousand dollars.

■ Further, the GIA limits the total recovery by a tort claimant, not individual judgments obtained by a claimant. *DeForrest v. City of Cherry Hills Village*, 72 P.3d 384, 388–89 (Colo.App.2002).

In *Bradshaw v. Nicolay, supra,* the plaintiffs filed a wrongful death action against the defendants, asserting that the plaintiffs' son died as a result of negligent treatment and care provided by physicians at Boulder Community Hospital. The trial court dismissed the claims after the defendants tendered into the court registry the maximum amount the plaintiffs could recover under § 13–21–203, C.R.S.2006, of the Wrongful Death Act. A division of this court upheld the ruling, noting that the "damages recoverable by plaintiffs under the Wrongful Death Act would not exceed the amount already tendered by defendants." *Bradshaw, supra,* 765 P.2d at 632.

Other jurisdictions have similarly held a case is moot when the plaintiff is offered the maximum amount he or she could recover at trial. *See Abrams v. Interco Inc.,* 719 F.2d 23 (2d Cir.1983); *Zimmerman v. Bell,* 800 F.2d 386, 390 (4th Cir.1986); *Spencer–Lugo v. Immigration & Naturalization Serv.,* 548 F.2d 870 (9th Cir.1977); *Cresswell v. Prudential–Bache Sec., Inc.,* 675 F.Supp. 106 (S.D.N.Y.1987)(broker's offer to tender to investor all his alleged damages mooted lawsuit because offer fully satisfied the amount investor could have recovered if he had prevailed on the merits).

■ Here, all of the physicians except Dr. Boucek deposited $150,000 into the court registry, which is the maximum amount of damages recoverable by the Rudnicks under the GIA, and the trial court granted their motion to dismiss, concluding a controversy no longer existed between these parties. The court reasoned that "[b]y so depositing this amount and making it available to [the Rudnicks], the dispute between [the Rudnicks] and [those physicians] becomes moot and thus, [those physicians were] entitled to be dismissed as parties."

We conclude that because the Rudnicks could not recover, and the trial court could not grant, any relief beyond the amount those physicians tendered into the court registry, the trial court did not err in dismissing the Rudnicks' claims against them as moot.

### B.

The Rudnicks next contend the trial court erred in dismissing their claim against Dr. Boucek because he did not participate in the $150,000 deposit into the court registry. We disagree.

"[T] he GIA limits the 'maximum amount that may be *recovered* ... whether from one or more public entities and public employees' to $150,000 for 'any injury to one person in any single occurrence,' without regard to when or how recovery is obtained." *DeForrest, supra,* 72 P.3d at 388 (quoting § 24–10–114(1)(a)).

After the trial court entered its order dismissing the physicians, Dr. Boucek filed a motion to dismiss the Rudnicks' claim against

him. He asserted that he is also a public employee and that the claim against him was moot because the maximum amount the Rudnicks could recover against all of the CU physicians was $150,000 and the other CU physicians had deposited that amount.

■ The trial court concluded, as do we, that Dr. Boucek was entitled to the protection of the GIA, and that the case against him was moot because, once the physicians deposited the maximum amount of recovery into the court registry, the Rudnicks could no longer recover any damages from Dr. Boucek.

Hence, we conclude the trial court did not err in dismissing the Rudnicks' claim against him as moot.

### C.

The Rudnicks next contend the trial court erred in dismissing the case as moot without requiring a confession of judgment against the physicians, an admission of liability by them, or a settlement among the parties. Again we disagree.

■ The trial court's grant of leave to deposit funds in the court registry is reviewed for an abuse of discretion. *Garrick v. Weaver,* 888 F.2d 687, 694 (10th Cir.1989).

C.R.C.P. 67(a) permits "a party, upon notice to every other party, and by leave of court, [to] deposit with the court all or any part of such sum or thing, to be held by the clerk of the court subject to withdrawal in whole or in part at any time thereafter upon order of the court."

■ The purpose of C.R.C.P. 67, which is modeled after the federal rule, is to relieve the depositor of responsibility for a fund in dispute. *See* Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, 12 *Federal Practice and Procedure* § 2991 (2d ed.1997) (discussing purpose of deposit into court under Fed.R.Civ.P. 67) (citing *US Overseas Airlines, Inc. v. Compania Aerea Viajes Expresos De Venezuela, S.A.,* 161 F.Supp. 513 (S.D.N.Y.1958)).

■ A tender of judgment that does not include an admission of liability or a confes-

sion of judgment may render a claim moot where, as here, the depositing party tenders the maximum amount of recovery to which a plaintiff is entitled. *See Cresswell v. Prudential–Bache Sec., Inc., supra* (a previously aggrieved party is not entitled to act as a private attorney general where the party seeking to litigate can no longer show damage because he or she has been offered the maximum amount of recovery if he or she were to prevail on the merits); *see also Abrams, supra,* 719 F.2d at 26 (upholding trial court's order dismissing a claim as moot following an offer of judgment, even though the offer was "not to be construed either as an admission that the defendant is liable ... or that the plaintiffs have suffered any damages").

The trial court here acknowledged that unless the Rudnicks accepted the tendered funds, there would be no settlement agreement:

> [The physicians] want to deposit $150,000 and if [the Rudnicks withdraw] $150,000, which is, I guess, the statutory limit for their potential liability here, that would be in effect an out-of-court settlement, and they get to walk away for $150,000, and they're gone.

> Alternatively, if [the Rudnicks do not] withdraw it, they want to claim that the $150,000 deposit in the registry of the court would moot the issue.... So ... that case can be dismissed by judicial fiat against [the physicians].... I'm assuming that the advantage to [the physicians] is that no judgment will ever issue against them.

Nevertheless, in its order granting the physicians' motion to deposit $150,000 into the court registry, the court specified that (1) upon deposit of the funds, the Rudnicks' claims would become moot; and (2) the court's order was "a final order as to [the physicians]," and did not require an admission of liability or confession of judgment. The Rudnicks did not accept the physicians' tender of the money or withdraw the funds from the registry.

■ Contrary to the Rudnicks' contention, neither the GIA nor C.R.C.P. 67 required the physicians to admit liability or to confess judgment when they tendered the maximum amount of recovery into the court registry. Nor does the statute or the rule require the parties to enter into a settlement agreement. The GIA specifies the amount of a plaintiff's maximum recovery from public entities or public employees, and C.R.C.P. 67 establishes the procedure by which a party may deposit an undisputed sum into the court registry.

Accordingly, we conclude the trial court did not err in permitting the physicians to tender $150,000 into the court registry and in dismissing the case as moot without requiring the physicians to confess judgment, to admit their liability, or to enter into a settlement with the Rudnicks.

## D.

The Rudnicks next contend the trial court erred in dismissing their claims as moot because the physicians reserved the right to revoke the tender and the tender was not accepted or withdrawn by the Rudnicks. We disagree.

■ In their motion, the physicians stated: "In the event that the appellate court were to conclude that the tender constitutes a confession of judgment or admission of liability or fault, [the physicians] reserve the right to withdraw the deposit and reserve the right to proceed to trial on all issues of liability, causation, and damages." However, the trial court's order granting the motion did not contain any conditional language permitting the physicians to revoke the deposit. The court clarified that its order was final, that the Rudnicks' claims were moot, and that it was dismissing the physicians as parties to the lawsuit. As noted earlier, neither the GIA nor C.R.C.P. 67 required the Rudnicks to accept the amount in the court registry.

We therefore conclude the Rudnicks' refusal to accept or withdraw the $150,000 did not prevent the trial court from determining their claims were moot.

## II.

■ The Rudnicks next contend the $150,000 tender by the physicians did not

**32**

moot the case because (1) an excess judgment could be entered against the physicians, pursuant to § 24–10–114(5), C.R.S.2006; (2) there was no determination of fault or allocation of the monies among the tendering physicians; and (3) there was no settlement or judgment upon which to determine whether the physicians had to be reported to the National Practitioner Data Bank or the Board of Medical Examiners.

However, we decline to address these issues because they are raised for the first time on appeal. *See People v. Rodriguez,* 914 P.2d 230, 251 (Colo.1996).

### III.

The Rudnicks, relying on C.R.C.P. 57, next contend the case is not moot because they asserted "claims seeking a declaration that negligent and substandard care was provided." However, contrary to their contention, the complaint and the amended complaint requested compensatory damages, interest, expert witness fees, filing fees, attorney fees, and deposition expenses. They did not request declaratory relief pursuant to C.R.C.P. 57.

The orders are affirmed.

Judge LOEB and Judge TERRY concur.