**Leslie LANAHAN, individually and as Personal Representative of the Estate of Lynn Gordon Bailey, Jr., Plaintiff**

v.

**CHI PSI FRATERNITY, Alpha Psi Delta Corporation of Chi Psi, individually and as a chapter and agent of Chi Psi fraternity, Patrick Stephenson Wall, Nicholas Aaron Abrahamsen, Frank Williamson Darden, Brett Jamison Herter, Christopher Nelson Jones, Michael Burns Ryan, and Alan Joseph Williams.**

No. 07SA113.

Supreme Court of Colorado, En Banc.

Jan. 22, 2008.

98

Holland & Hart, LLP, A. Bruce Jones, Stephen G. Masciocchi, Denver, Colorado, Attorneys for Petitioner Leslie Lanahan.

Senter Goldfarb & Rice, LLC, Spencer L. Sears, Denver, Colorado, Attorneys for Respondents Chi Psi Fraternity and Alpha Psi Delta Corp. of Chi Psi.

Wells Anderson & Race, LLC, Sheryl L. Anderson, David G. Mayhan, Denver, Colorado, Attorneys for Respondent Patrick Stephenson Wall.

Law Offices of Douglas I. McQuiston, Douglas I. McQuiston, Golden, Colorado, Attorneys for Respondent Nicholas Aaron Abrahamsen.

Pryor Johnson Carney Karr & Nixon, P.C., Irving G. Johnson, Aaron P. Bradford, Greenwood Village, Colorado, Attorneys for Respondent Frank Williamson Darden.

Montgomery Kolodny Amatuzio & Dusbabek, LLP, Peter S. Dusbabek, Cara J. Stegemann, Peter J. Dauster, Fort Collins, Colorado, Attorneys for Respondent Brett Jamison Herter.

Godfrey & Lapuyade, P.C., Brett Godfrey, Ryan E. Warren, Englewood, Colorado, Attorneys for Respondent Christopher Nelson Jones.

Walberg Tucker & Holmes, P.C., Bradley D. Tucker, Kristin A. Brenner, Englewood, Colorado, Attorneys for Respondent Michael Burns Ryan.

White & Steele, P.C., John P. Carver, Lance E. Shurtleff, Denver, Colorado, Attorneys for Respondent Alan Joseph Williams.

Justice EID delivered the Opinion of the Court.

This case arises from a wrongful death action commenced by Petitioner Leslie Lanahan ("Lanahan") against the Chi Psi Fraternity, Alpha Psi Delta Corporation, and seven Chi Psi members (collectively, "Respondents"). The Colorado Wrongful Death Act, section 13–21–201 to–204, C.R.S. (2007), caps Lanahan's potential recovery of noneconomic damages at a maximum of $250,000, adjusted for inflation. The trial court held that this cap applies on a per claim basis, rather than a per defendant basis. Lanahan filed a Rule 21 petition seeking relief from the trial court's order, and we issued a rule to show cause. We now agree with the trial court and hold that the Wrongful Death Act's noneconomic damages cap applies on a per claim basis. Accordingly, we discharge the rule.

## I.

Lanahan filed a wrongful death lawsuit against Respondents on April 26, 2006. The lawsuit alleges that Respondents are liable for the fatal hazing of Lanahan's son, Lynn Gordon Bailey, Jr., after Bailey received a bid to join the University of Colorado–Boulder chapter of the Chi Psi fraternity. Lanahan's specific allegations include the following: On September 16, 2004, Bailey and other fraternity pledges were transported to a secluded area off campus, where they were forced to drink large amounts of alcohol as part of their initiation into the fraternity. Consequently, Bailey became dangerously intoxicated. The individual Respondents transported Bailey back to the Chi Psi house, where they placed Bailey on

a couch with a bucket to catch his vomit and periodically checked his vital signs. The individual Respondents chose not to summon emergency medical assistance and prevented others from doing so. Instead, they and other Chi Psi members continued to party, during which time they wrote offensive and derogatory remarks on Bailey's body. Emergency personnel were finally called to the Chi Psi house at 9:00 a.m. the next day, but Bailey had already died.

Lanahan's lawsuit seeks both economic and noneconomic damages arising from her son's death. On February 9, 2007, Respondent Patrick Wall moved for a determination of law that Lanahan's total recovery for noneconomic damages from all Respondents should be capped at $341,250, the inflation-adjusted cap under the Wrongful Death Act. On March 22, 2007, the trial court granted Wall's motion and held that "damages as to all defendants are jointly capped at the inflation adjusted statutory maximum."

Lanahan sought review of the trial court's order pursuant to Rule 21, and we issued a rule to show cause. We now discharge the rule.

## II.

The issue we consider today is whether the noneconomic damages cap in section 13–21–203, C.R.S. (2007), applies on a per defendant basis or a per claim basis. We first examine the background of section 13–21–203, and then consider the specific issue at hand. We conclude that the plain language of the non-

economic damages cap in section 13–21–203 applies on a per claim basis.

## A.

Section 13–21–203 is part of Colorado's Wrongful Death Act ("WDA"). *See* § 13–21–201 to –204. The WDA has existed in various forms since 1877. *See Pollock v. City & County of Denver*, 194 Colo. 380, 382, 572 P.2d 828, 829 (1977). Sections 13–21–201 and 13–21–202 allow a decedent's surviving spouse and heirs to seek damages if death was caused by negligence. Prior to 1989, wrongful death damages were limited to the net pecuniary loss suffered by the survivors. *See, e.g., Morrison v. Bradley*, 655 P.2d 385, 388 (Colo.1982) (citing *Kogul v. Sonheim*, 150 Colo. 316, 372 P.2d 731 (1962), and *McEntyre v. Jones*, 128 Colo. 461, 263 P.2d 313 (1953)). However, the Colorado General Assembly amended the WDA in 1989 to allow survivors to recover noneconomic damages as well:

> There shall be only one civil action under this part 2 for recovery of damages for the wrongful death of any one decedent. *Notwithstanding anything in this section or in section 13–21–102.5 to the contrary, there shall be no recovery under this part 2 for noneconomic loss or injury in excess of two hundred fifty thousand dollars,* unless the wrongful act, neglect, or default causing death constitutes a felonious killing, as defined in section 15–11–803(1)(b), C.R.S., and as determined in the manner described in section 15–11–803(7), C.R.S. § 13–21–203(1)(a) (emphasis added).[1]

At the same time that the General Assembly was expanding noneconomic damages in

---

1. The full text of subdivision 1(a) states:

   All damages accruing under section 13–21–202 shall be sued for and recovered by the same parties and in the same manner as provided in section 13–21–201, and in every such action the jury may give such damages as they may deem fair and just, with reference to the necessary injury resulting from such death, including damages for noneconomic loss or injury as defined in section 13–21–102.5 and subject to the limitations of this section and including within noneconomic loss or injury damages for grief, loss of companionship, pain and suffering, and emotional stress, to the surviving parties who may be entitled to sue; and also having regard to the mitigating or aggravating circumstances attending any such wrongful

   act, neglect, or default; except that, if the decedent left neither a widow, a widower, minor children, nor a dependent father or mother, the damages recoverable in any such action shall not exceed the limitations for noneconomic loss or injury set forth in section 13–21–102.5, unless the wrongful act, neglect, or default causing death constitutes a felonious killing, as defined in section 15–11–803(1)(b), C.R.S., and as determined in the manner described in section 15–11–803(7), C.R.S., in which case there shall be no limitation on the damages for noneconomic loss or injury recoverable in such action. No action shall be brought and no recovery shall be had under both section 13–21–201 and section 13–21–202, and in all cases the plaintiff is required to elect under which section he or she will pro-

wrongful death actions, it was limiting noneconomic damages in tort claims in general. In 1986, the General Assembly enacted tort reform legislation, which included a general cap on noneconomic damages in civil actions:

> In any civil action other than medical malpractice actions in which damages for noneconomic loss or injury may be awarded, *the total of such damages shall not exceed the sum of two hundred fifty thousand dollars*, unless the court finds justification by *clear and convincing evidence* therefor. In no case shall the amount of noneconomic loss or injury damages exceed five hundred thousand dollars.

§ 13–21–102.5(3)(a), C.R.S. (2007) (emphasis added).[2]

Under section 13–21–102.5, a tort claimant's total award of noneconomic damages may not exceed $250,000, absent "clear and convincing evidence" supporting a higher award of up to $500,000. Section 13–21–203 imports its definition of noneconomic damages from 13–21–102.5. *See* § 13–21–203(1)(a) (stating that noneconomic damages are "defined in section 13–21–102.5"). However, section 13–21–203 expressly provides that noneconomic damages in wrongful death actions may *never* exceed $250,000, unless the conduct constitutes a "felonious killing." *See* § 13–21–203(1)(a) (stating that the cap shall apply unless the wrongful act "constitutes a felonious killing," in which case "there shall be no limitation on the damages for noneconomic loss or injury recoverable in such action"). Thus, section 13–21–203 caps noneconomic damages at $250,000 even when there is clear and convincing evidence to support a higher award. *See Aiken v. Peters*, 899 P.2d 382, 385 (Colo.App.1995) (holding that the provisions of section 13–21–102.5 that authorize the court to enter an award of damages higher than $250,000 are to be disregarded in

a wrongful death case). In sum, as applied in this case,[3] section 13–21–203 permits a maximum possible recovery of $250,000 for noneconomic damages.

## B.

The specific question raised in this case requires us to consider whether section 13–21–203's $250,000 cap on noneconomic damages in wrongful death actions applies on a per defendant basis or a per claim basis. Lanahan argues that the cap should apply on a per defendant basis. In practical terms, Lanahan's position would allow her to recover noneconomic damages of up to $250,000 from each of the nine Respondents—a potential total of $2,250,000. Respondents argue that the noneconomic damages cap applies on a per claim basis, which would limit Lanahan's noneconomic damages to a potential total of $250,000, split among any of the Respondents who are found liable.

We agree with Respondents that, under the plain language of section 13–21–203, the noneconomic damages cap in wrongful death actions applies on a per claim basis. The relevant language states:

> There shall be only one civil action under this part 2 for recovery of damages for the wrongful death of any one decedent. Notwithstanding anything in this section [13–21–203] or in section 13–21–102.5 to the contrary, *there shall be no recovery* under this part 2 for noneconomic loss or injury *in excess of two hundred fifty thousand dollars ....*

§ 13–21–203(1)(a) (emphasis added). Stated concisely, this section permits one action per decedent to recover a maximum of $250,000 in noneconomic damages. Here, Lanahan brought one action seeking recovery for the

---

ceed. There shall be only one civil action under this part 2 for recovery of damages for the wrongful death of any one decedent. Notwithstanding anything in this section or in section 13–21–102.5 to the contrary, there shall be no recovery under this part 2 for noneconomic loss or injury in excess of two hundred fifty thousand dollars, unless the wrongful act, neglect, or default causing death constitutes a felonious killing, as defined in section 15–11–803(1)(b), C.R.S., and as deter-

mined in the manner described in section 15–11–803(7), C.R.S.

2. Throughout this opinion, we will refer to the damage-cap numbers originally set forth here and in section 13–21–203 of the Wrongful Death Act. We will not calculate the adjustments for inflation.

3. Lanahan does not allege that the conduct in this case amounted to a "felonious killing."

death of one person. Therefore, Lanahan may not recover more than $250,000 in noneconomic damages, regardless of the number of Respondents from whom she may be entitled to recover such damages. If we were to adopt Lanahan's position, her maximum possible recovery for noneconomic damages would be $2,250,000 (that is, nine Respondents times $250,000 each). This would constitute a recovery in excess of $250,000 in noneconomic damages, which the plain language of section 13–21–203 prohibits. *See* § 13–21–203(1)(a) (*"[T]here shall be no recovery ... for noneconomic loss or injury in excess of two hundred fifty thousand dollars."*) (emphasis added).

The term "recovery," as it is ordinarily used in the context of a lawsuit, focuses on the monetary amount to which the plaintiff is entitled. *See Black's Law Dictionary* 1302 (8th ed.2004) (defining recovery as "1. The regaining or restoration of something lost or taken away. 2. The obtainment of a right to something (esp.damages) by a judgment or decree. 3. An amount awarded in or collected from a judgment or decree."); *see also Rudnick v. Ferguson*, 179 P.3d 26, No. 05CA0077, 2007 WL 416034, at *3 (Colo.App. Feb.8, 2007) (using the term "recovery" to refer to the "amount ... to which a plaintiff is entitled"). The term "recovery" thus refers to what the plaintiff is entitled to—period, not on a per defendant basis.

For example, when a plaintiff prevails in a tort claim involving multiple defendants, the plaintiff is entitled to recover the full amount of damages awarded regardless whether one or all of the defendants are found liable. *See, e.g., Simon v. Coppola*, 876 P.2d 10, 18 (Colo.App.1993), *cert. denied sub nom. Eaton Corp. v. Simon*, 891 P.2d 255 (Colo.1995). Moreover, the monetary limits contained in the WDA have been consistently applied to limit the total recovery available to a plaintiff, regardless of the number of defendants involved. *See, e.g., Lewis v. Great W. Distrib. Co. of Borger, Inc.*, 168 Colo. 424, 428, 451 P.2d 754, 755 (1969) (holding that plaintiffs could not recover more than statutory maximum of $25,000 in wrongful death action against two defendants); *Moffatt v. Tenney*, 17 Colo. 189, 197, 30 P. 348, 350 (1892) (applying statutory damages cap of $5,000 in

wrongful death action against four defendants). In sum, a plaintiff's "recovery" is the total amount she is entitled to, regardless of whether the source of that recovery is one or more defendants.

Lanahan, however, argues that our interpretation of section 13–21–203's noneconomic damages cap must be governed by our decision in *General Electric Co. v. Niemet*, in which we considered whether the noneconomic damages cap in section 13–21–102.5 applies on a per defendant basis or a per claim basis. 866 P.2d 1361, 1368 (Colo.1994). As noted above, section 13–21–102.5 states in pertinent part, "In any civil action ... in which damages for noneconomic loss or injury may be *awarded*, the *total* of such *damages* shall not exceed the sum of two hundred fifty thousand dollars." § 13–21–102.5(3)(a) (emphasis added). We considered this "total damages awarded" language to be ambiguous with respect to "the issues of whether the cap should be applied before or after pro rata liability is determined, and whether the cap is meant to limit the plaintiff's total award or the liability of an individual defendant." *Niemet*, 866 P.2d at 1364. We concluded that the General Assembly intended to protect individual defendants from excessive liability without unduly restricting plaintiffs' recoveries. *Id.* at 1365–66. Consequently, we held that the cap in section 13–21–102.5 applies on a per defendant basis. *Id.* at 1368.

Lanahan argues that the operative language in section 13–21–102.5 ("total damages awarded") is the equivalent of the operative language in section 13–21–203 ("recovery"). Because *Niemet* concluded that "total damages awarded" is ambiguous and should be applied on a per defendant basis, Lanahan continues, we should conclude that the term "recovery" suffers from the same ambiguity and should be applied on a per defendant basis as well.

We disagree. As noted above, the term "recovery," as used in section 13–21–203, is unambiguous and refers to plaintiff's recovery, which is expressly limited to $250,000. Moreover, the term "recovery" is not the equivalent of the term "total damages awarded," as used in section 13–21–102.5. In inter-

preting section 13–21–102.5's "total damages awarded" language in *Niemet*, we looked to *Lira v. Davis*, which construed language in the exemplary damages statute, section 13–21–102, C.R.S. (1987), limiting the amount of exemplary damages to "actual damages awarded." *Lira v. Davis*, 832 P.2d 240, 241 (Colo.1992); *see also Niemet*, 866 P.2d at 1366 (discussing *Lira*). The issue in Lira was whether the term "actual damages awarded" referred to the jury's gross verdict or the plaintiff's actual share of the gross verdict after reduction to account for the plaintiff's negligence. *Lira*, 832 P.2d at 244. In deciding this issue, we focused on the meaning of the term "award," which we defined as "a remedy recoverable in accordance with an order for judgment." *Id.* at 245. Under Colorado's comparative negligence system, the jury first determines the plaintiff's total compensatory damages and assigns a percentage of fault to each party. *Id.* at 244. The trial court then reduces the total compensatory damages by the percentage of fault attributable to the plaintiff and enters an order for judgment according to each defendant's percentage of fault. *Id.* at 244–45. Consequently, the award of damages, as we defined the term, does not occur until after the entry of judgment on the plaintiff's reduced compensatory damages. *Id.* at 245. Because exemplary damages are limited to actual damages awarded, we held that exemplary damages must be calculated according to plaintiff's reduced compensatory damages, not the total damages determined by the jury. *Id.* at 245–46.

In *Niemet*, we incorporated *Lira's* definition of the term "award" into section 13–21–102.5. We noted that *Lira* requires the trial court to determine each individual defendant's share of the total compensatory damages before it awards exemplary damages. *Niemet*, 866 P.2d at 1366. We then stated, "When we apply the meaning of 'award' that

we defined in *Lira* to section 13–21–102.5, we find that the statutory language refers to the damages of a plaintiff *after* pro rata liability has been applied." *Id.* In other words, *Lira's* definition of "award" compelled the conclusion in *Niemet* that section 13–21–102.5's cap on total damages *awarded* applies on a per defendant basis, rather than a per claim basis. *Id.* at 1368.

Section 13–21–203's use of the term "recovery" compels a different conclusion here. Importantly, the language of section 13–21–203 expressly recognizes that the cap on noneconomic damages in wrongful death actions is to be given its own meaning, regardless of anything stated to the contrary in section 13–21–102.5. Indeed, it provides that *"[n]otwithstanding anything in this section or in section 13–21–102.5 to the contrary,"* recovery of noneconomic damages shall not exceed $250,000. § 13–21–203(1)(a) (emphasis added). As we have explained, the term "notwithstanding" means excluding, in opposition to, or in spite of other statutes. *See Theodore Roosevelt Agency, Inc. v. Gen. Motors Acceptance Corp.*, 156 Colo. 237, 240, 398 P.2d 965, 966 (1965). In short, section 13–21–203's "notwithstanding" clause recognizes that the provision may mean something different than section 13–21–102.5, and it does, as "recovery" and "total damages awarded" are not equivalent terms.[4]

Lanahan also contends that if the General Assembly had intended the result we reach today, it would have written section 13–21–203 to read, "[T]here shall be no recovery [whether from one or more defendants] ... in excess of two hundred fifty thousand dollars...." Lanahan believes that unless we read the phrase "whether from one or more defendants" into the statute, we cannot say that section 13–21–203 unambiguously applies on a per claim basis.

4. Lanahan argues that the phrase "notwithstanding anything ... in section 13–21–102.5 to the contrary" merely prohibits wrongful death claimants from relying on section 13–21–102.5 to double their noneconomic damages to $500,000 if justified by clear and convincing evidence. In other words, Lanahan believes that section 13–21–102.5's damages-doubling provision is the only thing that is "contrary" to the

damages cap in section 13–21–203. However, our conclusion that "recovery" is not the equivalent of "total damages awarded" leads us to reject this argument. Because the term "total damages awarded" is not equivalent to "recovery," its application in this case would be contrary to, and therefore barred by, section 13–21–203's "notwithstanding" clause.

Again we disagree. Lanahan relies heavily on our rationale in *Niemet* to demonstrate ambiguity, but as previously discussed, *Niemet's* rationale is inapposite here. Furthermore, there simply would have been no reason for the General Assembly to include the language proposed by Lanahan because the term "recovery" refers to the plaintiff's total recovery, and the statutory language expressly limits that "recovery" to $250,000.[5]

In sum, we find that the plain language of section 13–21–203 limits to $250,000 the non-economic damages that can flow from a wrongful death, unless the conduct causing the death constituted a felonious killing. We recognize that the language permits multiple wrongdoers to share responsibility for the $250,000 even though they may have been individually negligent. Whatever its merits, this policy decision lies within the province of the General Assembly. Therefore, we will not disturb it.

### III.

We agree with the trial court and hold that the noneconomic damages cap under section 13–21–203 applies on a per claim basis, rather than a per defendant basis. Consequently, Lanahan's aggregate recovery for noneconomic damages is limited to a total of $341,250—the amount of the cap adjusted for inflation—from all liable Respondents jointly. For the reasons stated above, the rule to show cause is discharged.

---

5. Finally, Lanahan points to language in section 13–21–203 stating, "[E]xcept that, if the decedent left neither a widow, a widower, minor children, nor a dependent father or mother, the damages recoverable in any [wrongful death] action shall not exceed the limitations for noneconomic loss or injury set forth in section 13–21–102.5." § 13–21–203(1)(a). In Lanahan's view, this language expressly incorporates the noneconomic damages cap—and *Niemet's* per defendant calculation—from section 13–21–102.5. Again, we are not persuaded. The language does not impact section 13–21–203's cap on a plaintiff's recovery of noneconomic damages applicable to all wrongful death cases, which, as noted above, applies on a per claim basis. Rather, it simply places an additional restriction on the "damages recoverable" when the wrongful death plaintiff does not fall within one of the enumerated categories.