**Victor Arthur Solano RAMOS, Plaintiff–Appellee,**

**v.**

**The CITY OF PUEBLO, Defendant–Appellant.**

**No. 99CA2299.**

Colorado Court of Appeals, Div. V.

June 7, 2001.

Koncilja & Koncilja, P.C., Joseph A. Koncilja, Pueblo, CO, for Plaintiff–Appellee.

Vaughan & DeMuro, Gordon L. Vaughan, Shelby Felton–Schnack, Colorado Springs, CO, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, the City of Pueblo, appeals from the trial court's order denying its motion to dismiss certain claims brought against it by plaintiff, Victor Arthur Solano Ramos. We reverse and remand with directions.

In his complaint, plaintiff alleged that he was seriously injured when he was arrested by three City police officers. Plaintiff asserted claims against the City, the three police officers, and the Pueblo Police Department for negligence, assault and battery, false arrest, and intentional infliction of emo-

tional distress. Plaintiff also sought punitive damages.

The defendants then moved for partial dismissal of plaintiff's complaint. As pertinent here, the trial court found that under § 24–10–118, C.R.S.2000, a public employee could be sued in tort for those acts or omissions that were alleged to be willful and wanton. The court also found that this section did not preclude suit against a public entity for the willful and wanton conduct of its employees. The court thus denied the motion to the extent it sought dismissal of plaintiff's claims against the City for assault and battery, false arrest, and intentional infliction of emotional distress. The City then brought this interlocutory appeal pursuant to § 24–10–108, C.R.S.2000.

The City contends that the trial court erred in determining that alleged willful and wanton conduct by the City's public employees may support plaintiff's assertion of claims against the City for assault and battery, false arrest, and intentional infliction of emotional distress. We agree.

■ The burden of establishing that immunity has been waived under the Governmental Immunity Act (GIA) is on the plaintiff. *Capra v. Tucker,* 857 P.2d 1346 (Colo. App.1993). This issue concerns the subject matter jurisdiction of the trial court and is properly raised by a motion under C.R.C.P. 12(b)(1). The trial court's resolution of this issue will be upheld unless it is clearly erroneous. *Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo. 1993).

■ Because governmental immunity is in derogation of Colorado's common law, the grant of immunity is to be strictly construed, and the waiver of immunity is to be liberally or deferentially construed. *See Walton v. State,* 968 P.2d 636 (Colo.1998).

■ Nevertheless, our goal in interpreting the GIA is to give effect to the intent of the General Assembly. Legislative intent is first determined by looking to the statutory language itself. *Fogg v. Macaluso,* 892 P.2d 271 (Colo.1995). If the language is clear and unambiguous, there is no need to resort to interpretive rules of statutory construction. *Yonker v. Thompson,* 939 P.2d 530 (Colo. App.1997).

Section 24–10–105, C.R.S.2000, provides that no public entity shall be liable for any action that lies in tort or could lie in tort except as provided in the GIA.

■ Section 24–10–106(1), C.R.S.2000, sets forth six circumstances under which a public entity may be liable for the actions of its public employees. Nothing in that section indicates that a public entity may be liable for the willful and wanton conduct of an employee.

Section 24–10–105 states that, except as provided in the GIA, no *public employee* shall be liable for injuries arising out of an act or omission occurring during the performance of his or her duties and within the scope of employment, unless such act or omission was willful and wanton. Section 24–10–118(2)(a), C.R.S.2000, provides that a public employee will be immune from tort liability except where: (1) the action is for injuries resulting from the circumstances specified in § 24–10–106(1); or (2) the act or omission causing the injury was willful and wanton. However, again, nothing in this section indicates that the immunity of the *public entity* will be waived for the willful and wanton actions of its employees.

Further, although § 24–10–110(1)(b)(I), C.R.S.2000, provides that the public entity is ordinarily responsible for the payment of all judgments and settlements of claims against its public employees, that provision excepts any judgment or settlement resulting from an act or omission of the public employee that is willful and wanton. *See also* § 24–10–110(1)(a), C.R.S.2000 (providing that the public entity will be liable for the costs of the defense of any of its public employees except when the act or omission of the public employee is willful or wanton).

In addition, we note that § 24–10–114(4), C.R.S.2000, provides that a public entity shall not be liable either directly or by indemnification for punitive or exemplary damages or for damages for outrageous conduct. *See City & County of Denver v. Desert Truck Sales, Inc.,* 837 P.2d 759 (Colo.1992). This section is yet another indication that a public entity is not to be held liable for the willful and wanton conduct of its employees.

Recently, in *Hartman v. Regents of University of Colorado,* 22 P.3d 524 (Colo.App.

2000)(2000 Colo.App. LEXIS 1177)(*cert. granted* Apr. 23, 2001), in addressing whether the university's employees would be immune under the GIA, a division of this court stated that the university itself would *not* be responsible for any willful or wanton acts committed by its employees. The division noted that, even if the university chose to indemnify the individual defendants, the indemnification would not necessarily result in the extension of sovereign immunity to its employees. Accordingly, the court concluded that the individual defendants could not claim immunity on the basis that the state would indemnify them.

Finally, contrary to plaintiff's argument and the trial court's finding, we do not read the opinion by a division of this court in *Jarvis v. Deyoe*, 892 P.2d 398 (Colo.App. 1994), as holding that both the public entity and the public employee may be sued in tort if the act or omission of the public employee is alleged to have been willful and wanton.

Plaintiff relies on the following statement in the *Jarvis* opinion: "Pursuant to the Government Immunity Act ..., public entities and public employees acting within the scope of their employment are immune from any tort claim that does not fall within one of the six limited areas for which immunity has been waived *or unless the act or omission causing the injury is willful and wanton.*" *Id.* at 401 (emphasis added).

We note that the quoted statement in *Jarvis* does not precisely track the language of the GIA and is dictum with respect to the issue of liability of a public entity. The division there did not determine whether the public entity would be liable for the willful and wanton conduct of one of its employees; instead, it held that the employee's actions did not rise to the level of willful and wanton conduct. Accordingly, we find *Jarvis* inapposite here.

The order is reversed, and the cause is remanded to the trial court for dismissal of plaintiff's claims against the City for assault and battery, false arrest, and intentional infliction of emotional harm.

TAUBMAN and NIETO, JJ., concur.