The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
October 18, 2018

**2018COA151**

**No. 17CA2064 Hernandez v. City & County of Denver —
Government — Colorado Governmental Immunity Act —
Immunity and Partial Waiver — Actions Against Public
Employees**

A division of the Colorado Court of Appeals considers the

district court's dismissal of a pretrial detainee's allegations that she

suffered injuries resulting from a jail employee's willful and wanton

conduct during the operation of the jail.  The division concludes

that these allegations do not implicate the employee's sovereign

immunity under the Colorado Governmental Immunity Act because

such immunity is waived for injuries resulting from the operation of

a jail by a public entity.  Because the allegations of willful and

wanton conduct do not raise an immunity issue, the district court

erred by dismissing them before trial via C.R.C.P. 12(b)(1) and a

hearing of the type described in *Trinity Broadcasting of Denver, Inc.*

*v. City of Westminster*, 848 P.2d 916 (Colo. 1993).

COLORADO COURT OF APPEALS                                    2018COA151

Court of Appeals No. 17CA2064
City and County of Denver District Court No. 17CV30467
Honorable A. Bruce Jones, Judge

Stella J. Hernandez,

Plaintiff-Appellant,

v.

City and County of Denver, Colorado; and Tracey Dodson,

Defendants-Appellees.

ORDER VACATED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE NAVARRO
J. Jones and Miller*, JJ., concur

Announced October 18, 2018

Gerash Steiner P.C., Daniel P. Gerash, Eric L. Steiner, Denver, Colorado, for
Plaintiff-Appellant

Kristin M. Bronson, City Attorney, Michelle A. Horn, Assistant City Attorney,
Denver, Colorado, for Defendants-Appellees

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2018.

¶ 1    Generally, the Colorado Governmental Immunity Act (CGIA), §§ 24-10-101 to -120, C.R.S. 2018, grants a public employee sovereign immunity from tort liability for any claim for injury arising out of the employee's act or omission occurring within the scope of employment, unless the employee's act or omission was willful and wanton.  The CGIA provides, however, that a public employee may *not* assert such immunity in an action for injuries resulting from the negligent operation of a jail, regardless of whether the employee engaged in willful and wanton conduct. Under the statute's plain language, therefore, allegations that a public employee engaged in willful and wanton conduct in the operation of a jail do not raise an issue of sovereign immunity.  As a result, we hold that a district court should not address such allegations via C.R.C.P. 12(b)(1) and the evidentiary hearing described in *Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916 (Colo. 1993).

¶ 2    The district court here dismissed allegations by plaintiff, Stella J. Hernandez, that defendant, Tracey Dodson (a deputy sheriff), engaged in willful and wanton conduct in a jail where Hernandez was incarcerated.  Because the court erred in addressing those

1

allegations via Rule 12(b)(1) and a *Trinity* hearing, we vacate the order and remand for further proceedings.

## I.  Preliminary Background Information

¶ 3  Hernandez sustained injuries while a pretrial detainee at the Denver Detention Center (the jail), operated by the Denver Sheriff Department.  She sued six jail employees, including Dodson, alleging negligence and willful and wanton conduct.  Hernandez also sued the City and County of Denver, alleging negligence.  Following a *Trinity* hearing, the district court found that Dodson and another defendant had not engaged in willful and wanton conduct; therefore, those defendants enjoyed immunity from suit on those allegations.  Hernandez's negligence claims against Dodson and the other defendants were not dismissed, and those tort claims remain pending.  Hernandez brought this interlocutory appeal in which she challenges only the court's (effective) dismissal of the willful and wanton allegations against Dodson.  *See* § 24-10-118(2.5), C.R.S. 2018.

¶ 4  Before discussing the factual and procedural history in more detail, we will address the foundational law governing sovereign immunity.

2

## II. Foundational CGIA Law

¶ 5 The CGIA grants sovereign immunity to public entities and "is designed to shield public entities from tort liability, unless the circumstances of an asserted claim bring it within one (or more) of the statute's expressly defined waiver provisions." *St. Vrain Valley Sch. Dist. RE-1J v. A.R.L.*, 2014 CO 33, ¶ 12. Through the CGIA, the General Assembly sought to protect public entities not only from the costs of judgments but the costs of unnecessary litigation as well. *Finnie v. Jefferson Cty. Sch. Dist. R-1*, 79 P.3d 1253, 1260-61 (Colo. 2003). Sovereign immunity thus protects a public entity from a "meaningless" trial. *Id.* at 1261. Consequently, jurisdictional prerequisites to suit as well as statutory defenses to claims may present immunity issues. *See id.* at 1255-56 (recognizing that, although the notice provisions of section 24-10-109(1), C.R.S. 2018, create a jurisdictional prerequisite to suit while the notice provisions of section 24-10-109(3) provide a statutory defense to claims, both raise immunity issues because both could bar a suit from proceeding). In short, a sovereign immunity issue is one that could afford the public entity immunity from suit. *See id.*

at 1261; *see also Trinity*, 848 P.2d at 923 (recognizing that the CGIA "is not a tort accrual statute" but a "nonclaim statute").

¶ 6    Because an immunity issue may preclude a trial altogether, a trial court must resolve all such issues before trial, including questions about whether the plaintiff has complied with the CGIA's notice requirements and whether a waiver applies. *See Martinez v. Estate of Bleck*, 2016 CO 58, ¶ 27; *see also* § 24-10-108, C.R.S. 2018. Regardless of whether the immunity issue is jurisdictional, the trial court must resolve it employing "a procedure that mirrors C.R.C.P. 12(b)(1)." *Finnie*, 79 P.3d at 1259. This "may require the trial court to hold an evidentiary, or '*Trinity*,' hearing in order to determine whether immunity applies." *Martinez*, ¶ 27 (citing *Trinity*, 848 P.2d at 925). In this procedure, the trial court, rather than a jury, is the finder of fact and resolves any factual dispute on which sovereign immunity depends. *See Finnie*, 79 P.3d at 1260-61; *Trinity*, 848 P.2d at 924. In addition, our supreme court has made clear that "*Trinity* and its progeny govern claims of public *employee* sovereign immunity as well." *Martinez*, ¶ 27 (emphasis added); *see* § 24-10-118(2.5).

4

¶ 7      The CGIA grants immunity to public entities "from liability in all claims for injury which lie in tort or could lie in tort regardless of whether this may be the type of action or the form of relief chosen by the claimant . . . ." § 24-10-106(1), C.R.S. 2018.  Immunity is expressly waived, however, in certain situations, including in an action for injuries resulting from "[t]he operation of any . . . correctional facility . . . or jail by such public entity." § 24-10-106(1)(b).  The waiver of sovereign immunity created in section 24-10-106(1)(b) applies to "claimants who are incarcerated but not yet convicted of the crime for which such claimants are being incarcerated if such claimants can show injury due to negligence." § 24-10-106(1.5)(b).

¶ 8      Regarding public employees, the CGIA states as follows:

> A public employee shall be immune from liability in any claim for injury . . . which lies in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant and which arises out of an act or omission of such employee occurring during the performance of his duties and within the scope of his employment unless the act or omission causing such injury was willful and wanton; *except that no such immunity may be asserted in an action for injuries resulting from the circumstances specified in section 24-10-106(1).*

§ 24-10-118(2)(a) (emphasis added).

¶ 9     Section 24-10-118(2)(a) thus provides a public employee immunity against tort liability except where (1) the act or omission causing injury was willful and wanton; *or* (2) the action is for injuries resulting from a circumstance identified in section 24-10-106(1). *Ramos v. City of Pueblo*, 28 P.3d 979, 980 (Colo. App. 2001); *cf. State v. Nieto*, 993 P.2d 493, 507 (Colo. 2000) ("Here, the negligent acts and omissions of defendants . . . were committed in the course of operating a correctional facility. These public employees . . . are not immune from liability pursuant to sections 24-10-118(2) and 24-10-106(1).").

¶ 10     Under the first exception, whether the employee's conduct was willful and wanton presents an issue of immunity that must be

6

addressed before trial via Rule 12(b)(1), just like any other immunity issue. *Martinez*, ¶¶ 26-28. Under the second exception, however, whether the employee's conduct was willful and wanton is irrelevant to immunity. This second exception prohibits a public employee from asserting immunity whenever the public entity's immunity has been waived under section 24-10-106(1).

### III. Additional Facts and Procedure

¶ 11 According to Hernandez's complaint, she was intoxicated when she arrived at the jail's intake section. At some point, she stumbled and fell, hitting her head. Several deputies on duty, including Dodson, witnessed the fall. During a nurse's examination, Hernandez complained of a very bad headache. A short time later, she was allowed to visit the restroom, where she remained unattended for thirty minutes. She was then discovered lying on the restroom floor in "severe medical distress." She was transported to a hospital and underwent emergency surgery due to "severe neurological injury." Hernandez claimed that she suffered serious brain injury and permanent disability that could have been prevented had she received prompt medical attention.

¶ 12    Hernandez alleged negligence on the part of all defendants (including Denver) as well as willful and wanton conduct on the part of all individual defendants (including Dodson). Defendants moved to dismiss pursuant to Rule 12(b)(5). They also argued, citing *Martinez*, that Hernandez's allegations of willful and wanton conduct implicated the individual defendants' immunity under section 24-10-118(2)(a). They requested a *Trinity* hearing to address those allegations.

¶ 13    The district court denied relief under Rule 12(b)(5). The court noted that Hernandez's allegations of willful and wanton conduct were not themselves separate claims, but rather "description[s] of the degree of negligence being asserted by [Hernandez] against the individual Defendants, as required by the [CGIA], § 24-10-118, to overcome immunity." The court found that "the complaint adequately alleges willful and wanton conduct against the individual Defendants." The court "reserve[d] ruling on whether to hold a *Trinity* hearing" pending further input from the parties.

¶ 14    Apparently, defendants later renewed their request for a *Trinity* hearing because the court held one, covering three days and

addressing the allegations of willful and wanton conduct only.[1]

From the outset, the parties disagreed about whether Hernandez's allegations of willful and wanton conduct raised an issue of sovereign immunity under section 24-10-118(2)(a), *Trinity*, and its progeny. If so, the court could make factual findings and finally determine — per Rule 12(b)(1) — whether defendants' conduct was willful and wanton. Hernandez disagreed with that approach. Because her allegations did not implicate sovereign immunity, she argued that the "Court's not making a final determination on willful and wanton conduct." Rather, the "Court's essentially acting as a gatekeeper, to decide whether there's enough evidence" for the issue to go to the jury.

¶ 15    Defendants argued instead that the district court should substantively and finally determine whether the individual defendants should face liability for willful and wanton conduct. Defendants explained that

> in this case, the Court is not applying
> immunity waiver elements to determine
> whether a case against a governmental entity

---

[1] On the first day of the hearing, Hernandez dropped the willful and wanton conduct allegations against all defendants except Tracey Dodson and Joshua Frank.

9

should move forward. Rather, the Court is required to make a factual finding as to whether Defendants Dodson and Frank should face personal liability for alleged willful and wanton conduct.

¶ 16    Hernandez maintained that the utility and effect of the *Trinity* hearing here differed from the typical case, given the waiver of immunity in the jail context. She explained that

> in many cases a *Trinity* hearing is truly jurisdictional. In this case it's not even jurisdictional. If this Court holds that we don't meet the threshold on willful and wanton? These Defendants are still in the case, we still have negligence claims against them. The claims go forward. This Court will retain jurisdiction over them.
>
> . . . .
>
> [T]he willful and wanton affects the measure of damage. It doesn't affect the ability to pursue the suit, under the [C]GIA. And, that's why it's not truly jurisdictional in the way that some other [C]GIA issues are.

¶ 17    Ruling from the bench, the district court acknowledged that "[t]he waiver [of immunity under the CGIA] that applies here is . . . with respect to the operation of a jail." The court thus noted that, regardless of how it ruled on the willful and wanton allegations, it had jurisdiction over all defendants and the underlying negligence

10

claims against them would continue. Nonetheless, the court decided that it, rather than the jury, should determine whether the individual defendants acted willfully and wantonly.

¶ 18    The court then made extensive factual findings, including resolving some factual disputes against Hernandez (e.g., the court found that she was left alone in the restroom for only about ten minutes, not thirty). The court concluded that "there has not been a showing of willful and wanton conduct by a preponderance of the evidence. Therefore, the . . . sovereign immunity of [Dodson and Frank] remains[,] and they are not subject to individual personal liability under the [CGIA]." In effect, the court dismissed the allegations of willful and wanton conduct. As noted, Hernandez appeals this ruling with respect to Dodson only.

## IV.    Analysis

¶ 19    Hernandez contends that "there was no issue before the [district court] regarding jurisdiction or immunity" because Dodson's immunity was waived under section 24-10-118(2)(a) and section 24-10-106(1)(b). Hence, Hernandez argues, the question whether Dodson's conduct was willful and wanton went only to the amount and kind of damages that Hernandez could seek from

Dodson (e.g., exemplary damages), not to whether Dodson was immune from suit. *See* § 24-10-118(1)(c) (providing that a public employee may be liable for exemplary damages if her conduct was willful and wanton). Hernandez concludes, therefore, that the district court erred in effectively dismissing the allegations of willful and wanton conduct under a Rule 12(b)(1) standard following a *Trinity* hearing.

¶ 20 According to Dodson, however, Hernandez did not preserve the question whether the willful and wanton allegations concerned damages (rather than immunity) because she did not assert a claim for exemplary damages in the district court. For three reasons, Dodson is mistaken.

¶ 21 First, Hernandez stated in her complaint the factual basis for her claim that Dodson's conduct was willful and wanton, as required by section 24-10-110(5)(a). Regardless of whether Hernandez seeks exemplary damages, her allegations of willful and wanton conduct are relevant to whether the statutory damages cap applies to her claims against Dodson. *See* § 24-10-114, C.R.S. 2018; § 24-10-118(1)-(1)(b); *DeForrest v. City of Cherry Hills Village*, 72 P.3d 384, 386-88 (Colo. App. 2002). And Hernandez expressly

argued in the district court that the willful and wanton allegations "affect[] the measure of damage."

¶ 22    Second, Hernandez could not seek exemplary damages in her initial complaint; she first had to demonstrate to the court a triable issue of such damages (i.e., Dodson's conduct was willful and wanton).  *See* § 13-21-102(1.5)(a), C.R.S. 2018; *cf. Ferrer v. Okbamicael*, 2017 CO 14M, ¶ 44 ("Exemplary damages do not present a separate, distinct cause of action, but, rather, depend on an underlying claim for actual damages.").[2]  Before she did so, defendants moved to dismiss and sought a *Trinity* hearing.  At that hearing, the court found that Dodson's conduct was not willful and wanton.  The court later acknowledged that, had Hernandez prevailed at the *Trinity* hearing, she likely would have requested to amend her complaint to seek exemplary damages.  Her inability to do so, however, does not mean that she failed to preserve the issue.

¶ 23    Third, and most importantly, Hernandez plainly argued to the district court that her allegations of willful and wanton conduct do

---

[2] Dodson concedes that the "right of a plaintiff to seek exemplary damages against *any* defendant is governed by C.R.S. § 13-21-102 which provides that exemplary damages may be awarded for injuries attended by circumstances of fraud, malice, or willful and wanton conduct."

not pertain to jurisdiction or immunity because Dodson cannot assert immunity in this case according to sections 24-10-118(2)(a) and 24-10-106(1)(b).  For that reason, Hernandez objected to the court's addressing those allegations under Rule 12(b)(1) and resolving factual disputes.  So, her arguments squarely presented the question whether the court used the correct procedure and standards when dismissing the allegations of willful and wanton conduct.

## A.     Standard of Review

¶ 24     This case raises a question of statutory interpretation, which we review de novo.  *Medina v. State*, 35 P.3d 443, 452-53 (Colo. 2001).  Our primary task is to give effect to the legislature's intent.  *Young v. Brighton Sch. Dist. 27J*, 2014 CO 32, ¶ 11.  We look initially to the statute's language, ascribing words their plain and ordinary meanings, and look no further if the plain language reveals a clear legislative intent.  *Springer v. City & Cty. of Denver*, 13 P.3d 794, 799 (Colo. 2000).

## B.     Application

¶ 25     As the district court explained, section 24-10-106(1)(b) — the waiver of sovereign immunity for injuries resulting from the

negligent operation of a jail — applies to this action. Accordingly, the exception to a public employee's immunity in section 24-10-118(2)(a) that applies where the public entity's immunity has been waived governs here and precludes Dodson from asserting immunity. As noted, this bar to immunity does not depend on whether her acts or omissions were willful and wanton. To illustrate, the supreme court in *Nieto* concluded that, because the public employees' *negligent* conduct occurred during the operation of a correctional facility, they were not immune from suit, pursuant to sections 24-10-118(2) and 24-10-106(1). 993 P.2d at 506-07. The supreme court made no mention of the employees' conduct being willful and wanton or the need for a *Trinity* hearing to determine whether the employees were immune.

¶ 26    Naturally, then, the question whether Dodson's conduct was willful and wanton does not present an issue of sovereign immunity for the district court to determine before trial via Rule 12(b)(1) and a *Trinity* hearing. Although Dodson relies heavily on *Martinez,* the exception to the public employee's immunity alleged there did not rely on the public entity's waiver of immunity under section 24-10-106(1). Rather, that case concerned the exception to an employee's

immunity in section 24-10-118(2)(a) that applies if the employee's conduct was willful and wanton. *See Martinez*, ¶¶ 27-28. In *Martinez*, therefore, the district court was required to address the allegations of willful and wanton conduct before trial under Rule 12(b)(1).

¶ 27 Indeed, the fact that, despite the district court's ruling in this case, the underlying negligence claims against Dodson and the other defendants remain pending for trial confirms that Hernandez's allegations of willful and wanton conduct do not put Dodson's immunity at issue. As discussed, a sovereign immunity issue within the meaning of the CGIA is one that could stop the litigation in its tracks by providing the defendant immunity from suit. *See Nieto*, 993 P.2d at 507 (distinguishing between immunity from suit under the CGIA and some protection from liability). The allegations of willful and wanton conduct against Dodson do not present such an issue.

¶ 28 Still, Dodson contends that the allegations of willful and wanton conduct raise an immunity issue because they could affect whether (1) the statutory damages cap applies; (2) she is liable for exemplary damages; and (3) her employer is liable to pay any

judgment against her.  *See* § 24-10-118(1)-(1)(b) (damages cap applies unless public employee's conduct was willful and wanton); § 24-10-118(1)(c) (public employee is not liable for exemplary damages unless conduct was willful and wanton); *see also* § 24-10-110(1)(b)(I) (public entity is liable for judgment against public employee unless employee's conduct was willful and wanton); § 24-10-114(4)(a) (public entity is not ordinarily liable, either directly or by indemnification, for exemplary damages).

¶ 29 Doubtless, these statutory provisions are important to public employees like Dodson.  But they are not immunity provisions.  On the contrary, they apply when a public employee is *not* immune from suit — that is, when the claim against the employee can go to trial and actual damages may be awarded to the plaintiff.  *See DeForrest*, 72 P.3d at 386-88 (recognizing that, when immunity has been waived under section 24-10-106(1), a public employee may be liable for actual damages above the ordinary statutory cap and for exemplary damages if the employee's conduct was willful and wanton); *Ramos*, 28 P.3d at 980 (noting that section 24-10-110(1)(b)(I) addresses payment of judgments entered against public employees after trial).

¶ 30     If the public employee were immune from suit, there could be

no trial, much less damages and a judgment for which the employee

could be liable.  When, instead, an employee may not assert

immunity from suit — because, for example, immunity has been

waived under section 24-10-106(1) — the action may go to trial,

where the trier of fact may determine whether the employee is liable

for actual damages.  The questions whether the statutory damages

cap applies, whether the employee is also liable for exemplary

damages, and who is liable to pay any judgment can be resolved at

trial as well.  *Cf. Lee v. Colo. Dep't of Health*, 718 P.2d 221, 226

(Colo. 1986) (recognizing that trial court may apply damages cap to

reduce jury's award).[3]

¶ 31     Dodson also maintains that the allegations of willful and

wanton conduct raise an issue of immunity because they could

affect whether her employer is liable for the costs of her defense and

attorney fees.  True, a public entity is liable for a public employee's

costs of defense and reasonable attorney fees *unless* the employee's

---

[3] A jury's decision not to award exemplary damages against a public employee would not mean that the employee was *immune* from those damages.  It would simply mean the jury found that the evidence did not satisfy the burden of proof for awarding such damages.

conduct was willful and wanton. § 24-10-110(1)(a), (1.5); *Middleton v. Hartman*, 45 P.3d 721, 728 (Colo. 2002).

¶ 32    But these provisions do not afford immunity from suit. Instead, they address who is liable for paying for the employee's legal defense. The General Assembly has chosen to make a public entity liable for a public employee's defense costs except where the employee's conduct was willful and wanton. *See Middleton*, 45 P.3d at 728 ("If the state chooses to pay defense costs for its employees, it has voluntarily assumed that liability."). Consistent with this policy choice, the CGIA provides that, if the employee's conduct is found to be willful and wanton after the public entity has paid for the employee's defense, the entity may seek reimbursement of costs and attorney fees from the employee. *See* § 24-10-110(1.5)(a); *see also Middleton*, 45 P.3d at 728 (recognizing that a public employee may be entitled to indemnification by the state for the employee's defense costs if the plaintiff fails to prove that the employee acted willfully and wantonly). In any event, these payment provisions have nothing to do with immunity from suit.

¶ 33    Given all this, we conclude that Hernandez's allegations of willful and wanton conduct do not raise an immunity issue under

the CGIA. Accordingly, the district court erred in resolving those allegations by way of Rule 12(b)(1) and a *Trinity* hearing.

V.      Other Contentions and Remand Directions

¶ 34      Hernandez asks us to treat Dodson's motion to dismiss and request for a *Trinity* hearing as a summary judgment motion and then to hold that relief under summary judgment standards is improper. We see no need to do so. Dodson did not seek summary judgment in the district court. Nor has she even suggested that she is entitled to summary judgment on this record.

¶ 35      The only issue before us is whether the district court properly dismissed Hernandez's allegations of willful and wanton conduct under Rule 12(b)(1) after a *Trinity* hearing. We hold that the court did not. Rule 12(b)(1) and the *Trinity* procedure do not apply to the allegations because they do not raise an issue of sovereign immunity.

¶ 36      On remand, the district court should treat the allegations of willful and wanton conduct just like any other allegations, except to the extent they are offered in support of exemplary damages. If, for instance, Hernandez asks to amend her complaint to seek exemplary damages, the court must address that request pursuant

to section 13-21-102(1.5)(a). The court must decide whether she presented prima facie proof of willful and wanton conduct, either through discovery, offer of proof, or other evidentiary means. *See Stamp v. Vail Corp.*, 172 P.3d 437, 448-50 (Colo. 2007) (addressing nearly identical procedure for alleging exemplary damages under section 13-21-203(3)(c)(I), C.R.S. 2018); *see also Ferrer*, ¶¶ 46, 53 (addressing standards for asserting exemplary damages claim under section 13-21-102(1.5)(a)); *cf.* § 13-25-127(2), C.R.S. 2018 (stating that exemplary damages may be awarded only if ultimately proved beyond a reasonable doubt).

## VI.     Conclusion

¶ 37     We vacate the order dismissing the willful and wanton allegations, and we remand for such further proceedings as the district court deems appropriate.

JUDGE J. JONES and JUDGE MILLER concur.