24CA1867 Reynolds v Hurd 10-16-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1867
City and County of Denver District Court No. 24CV30648
Honorable Jon J. Olafson, Judge

---

Jordon Reynolds,

Plaintiff-Appellee,

v.

Emmett Hurd and City and County of Denver,

Defendants-Appellants.

---

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE LUM
Tow and Graham*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 16, 2025

---

Cheney Galluzzi & Howard, LLC, Timothy C. Galluzzi, Kevin B. Cheney, Robert T. Lawrence, Denver, Colorado, for Plaintiff-Appellee

Michiko Ando Brown, City Attorney, Andres Alers, Assistant City Attorney, Kevin McCaffrey, Assistant City Attorney, Denver, Colorado, for Defendants-Appellants

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Plaintiff, Jordon Reynolds, brought a personal injury claim against defendants, Officer Emmett Hurd and the City and County of Denver (collectively, the city).  The city moved to dismiss, arguing that Reynolds' claim was barred by the Colorado Governmental Immunity Act (CGIA).  §§ 24-10-101 to -120, C.R.S. 2025.  After a hearing, the district court denied the motion to dismiss, and the city appeals.

¶ 2     We affirm and remand the case to the district court for further proceedings.

## I.     Background

¶ 3     One night, at approximately 10:30 p.m., Reynolds was riding an electric scooter through an intersection.  Officer Hurd was approaching the intersection when he received an emergency call for assistance.  As Reynolds traveled through the intersection on a green light, Officer Hurd proceeded into the intersection against a red light and struck Reynolds with his police vehicle.  Reynolds suffered injuries as a result of the collision and brought the underlying negligence action against Officer Hurd and against Denver as his employer.

¶ 4     The city moved to dismiss the complaint for lack of subject matter jurisdiction under C.R.C.P. 12(b)(1), asserting that the city was immune from liability under the CGIA. The city also argued that immunity wasn't waived because Officer Hurd was responding to an emergency call, he slowed down as necessary to safely proceed through the intersection, and he had activated his emergency lights or siren before proceeding.

¶ 5     The district court held an evidentiary hearing pursuant to *Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916 (Colo. 1993) (*Trinity* hearing). As relevant here, the primary contested issue was whether Officer Hurd had activated his emergency lights or siren before entering the intersection. After the *Trinity* hearing, the district court issued an order denying the city's motion to dismiss. Although the evidence conflicted, the district court concluded that Officer Hurd hadn't activated the lights or siren on his car and, therefore, the city waived immunity under the CGIA. The city now appeals the denial of the motion to dismiss.

## II.    Applicable Law and Standard of Review

### A.    CGIA Immunity and Waiver

¶ 6    The CGIA provides that a "public entity is immune from liability in all claims for injury that lie in tort or could lie in tort." § 24-10-106(1), C.R.S. 2025.  Generally, a public entity waives immunity in an action for injuries resulting from the operation of a motor vehicle "by a public employee while in the course of employment."  § 24-10-106(1)(a).  However, as relevant here, immunity is not waived for injuries caused by the operation of an authorized emergency vehicle when the driver (1) is responding to an emergency call; (2) proceeds past a red light after slowing down as necessary for the vehicle's safe operation; and (3) uses the vehicle's lights or siren.  *See id.* (providing for an exception to the immunity waiver for "emergency vehicles operating within the provisions of section 42-4-108(2) and (3), C.R.S."); § 42-4-108(2), C.R.S. 2025 (providing that the driver of an authorized emergency vehicle may disregard certain traffic regulations, including red lights, when responding to an emergency); § 42-4-108(3) (providing that the vehicle must "mak[e] use of audible or visual signals" for the authorized emergency vehicle exception to apply).

¶ 7    "[W]hether a public entity qualifies for immunity under the emergency vehicle exception is a question of subject matter jurisdiction." *Corsentino v. Cordova*, 4 P.3d 1082, 1087 (Colo. 2000). The court must resolve all questions about whether immunity applies before trial, which "may require the trial court to hold [a] . . . '*Trinity*,' hearing." *Hernandez v. City & County of Denver*, 2018 COA 151, ¶ 6 (quoting *Martinez v. Est. of Bleck*, 2016 CO 58, ¶ 27). In a *Trinity* hearing, "the [district] court, rather than a jury, is the finder of fact and resolves any factual dispute on which sovereign immunity depends." *Hernandez*, ¶ 6. The district court may receive "any competent evidence" pertaining to the jurisdictional allegations in the complaint, *Jefferson County v. Dozier*, 2025 CO 36, ¶ 12 (quoting *Trinity*, 848 P.2d at 924), and it is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," *Trinity*, 848 P.2d at 925 (quoting *Boyle v. Governor's Veterans Outreach & Assistance Ctr.*, 925 F.2d 71, 74 (3d Cir. 1991)).

¶ 8    "The burden of proof is on the plaintiff to prove the government has waived its immunity, but this burden is relatively lenient, as the plaintiff is afforded the reasonable inferences from

4

her undisputed evidence." *City & County of Denver v. Dennis*, 2018 CO 37, ¶ 11.

## B. Standard of Review

¶ 9 A district court's decision on a party's motion to dismiss under the CGIA is subject to interlocutory appellate review under section 24-10-108, C.R.S. 2025.

¶ 10 When, as here, the question of CGIA immunity involves a factual dispute, we will not disturb the district court's factual findings unless they are clearly erroneous. *Springer v. City & County of Denver*, 13 P.3d 794, 798 (Colo. 2000). A court's factual finding is clearly erroneous only when there is no support for the finding in the record. *Cronk v. Bowers*, 2023 COA 68M, ¶ 12.

¶ 11 Whether the trial court correctly applied the burden of proof is a question of law that we review de novo. *Cf. McCallum Fam. L.L.C. v. Winger*, 221 P.3d 69, 72 (Colo. App. 2009) (reviewing de novo whether the court applied proper burden of proof); *Morris v. Belfor USA Grp., Inc.*, 201 P.3d 1253, 1257 (Colo. App. 2008) ("[We] review de novo a trial court's application of governing legal standards.").

### III.  Analysis

#### A.  Lights and Siren

¶ 12    At the hearing, the district court received Officer Hurd's body camera footage as evidence.  The footage showed that, "at the time . . . Officer Hurd exited the police vehicle" to assist Reynolds, his lights and siren were not activated.  The city argues that the district court erred by relying on that footage to conclude that the lights and siren were off during the accident.

¶ 13    As a threshold matter, we reject Reynolds' contention that the city failed to preserve this issue.  During closing arguments, counsel for the city argued, "The fact that the lights are [off] after the accident is completely irrelevant to the determination this court will have to make."[1]  This was sufficient to bring the "sum and substance" of the city's argument to the district court's attention. *Berra v. Springer & Steinberg, P.C.*, 251 P.3d 567, 570 (Colo. App. 2010).

---

[1] The transcript reflects counsel saying that "the lights are *on*." Counsel either misspoke or was mistranscribed.  In any event, we don't perceive that this affected the district court's ability to understand the sum and substance of the argument.

¶ 14    The city asserts that the district court erred by tethering its ruling to "post-hoc" logic.  Essentially, the city argues that, because the bodycam footage only showed the state of the lights and siren just *after* the accident, the court couldn't use the footage to draw any inferences about the use of the lights and siren *during* the accident.  We disagree.

¶ 15    Officer Hurd testified that, as soon as he hit Reynolds, he "immediately" put the car in park, jumped out, and did "nothing else."  Further, he said he jumped out of the car so fast that it was still rolling from being abruptly put into park.  Given Officer Hurd's testimony that he took "no intermediate steps between stopping the car and getting out to render aid" to Reynolds, the court could reasonably infer from the footage that the state of the lights and siren when Officer Hurd exited the vehicle immediately after the accident was the same as it had been during the accident.  *See In re Marriage of Yates*, 148 P.3d 304, 308 (Colo. App. 2006) (the inferences drawn from the evidence are the "sole discretion" of the district court); *cf. Maphis v. City of Boulder*, 2022 CO 10, ¶ 13 (in a *Trinity* hearing, the court affords the plaintiff "the reasonable inferences from [their] undisputed evidence" (citation omitted)).

¶ 16    The city also argues that other evidence presented at the hearing favors the city and not Reynolds, noting that (1) Officer Hurd's statements in his post-accident interviews were consistent with his testimony that the lights and siren were on and (2) Reynolds' statements about the lights and siren were inconsistent. These arguments amount to a request for us to re-weigh the evidence, which we can't do.  It is the district court's sole prerogative to determine "the weight, probative force, and sufficiency of the evidence, as well as the inferences and conclusions to be drawn therefrom."  *Yates*, 148 P.3d at 308.

¶ 17    Because the record supports the court's conclusion that Officer Hurd's lights and siren weren't activated at the time of the accident, we don't disturb its finding.  *See Springer*, 13 P.3d at 798.

### B.    Burden of Proof

¶ 18    The city next contends that the district court erred by impermissibly shifting the burden of proof to the city to show that the lights and siren had been activated.  We disagree.

¶ 19    In its order, the district court correctly articulated that Reynolds bore the burden to demonstrate that the city waived immunity.  As discussed above, the court relied heavily on Officer

8

Hurd's bodycam footage to conclude that the lights and siren hadn't been activated when he went through the intersection. And after discussing the bodycam footage, the court noted that Officer Hurd (1) made "no contemporaneous statements" that the lights and siren were on at the time of the accident but (2) said he was using or toggling the emergency signals during his post-accident interviews. We don't perceive these comments as burden-shifting. Rather, we conclude that the court merely acknowledged the timing of Officer Hurd's statements and weighed that evidence accordingly.

## IV.   Disposition

¶ 20     The order is affirmed, and the case is remanded to the district court for further proceedings consistent with this opinion.

JUDGE TOW and JUDGE GRAHAM concur.